Ludeling, C. J.
This suit is to recover from defendant $1150 75, with interest, being for the taxes of 1871, 1872 and 1873, upon the assessed value of the buildings and improvements on certain lots, which belong to the Poydras Female Orphan Asylum, and which lots were leased in 1856 to the defendant’s transferrer for the term of fifty years. The defense is that the property belongs to the Poydras Female Orphan Asylum, and the property of that institution is exempt from taxation.
The best answer to this defense is the contract between the Asylum and R. W. Montgomery, through whom the defendant holds. Among other stipulations the act states that Montgomery'binds himself “to place upon said lots buildings and improvements to the value of not less than nine thousand one hundred and fifty dollars,” and the said asylum “agreed to purchase, at the expiration of this lease, such improvements as may be then upon said lots, at the value put upon them by two experts.”
If the asylum has to buy these buildings it is certain they do not belong to them. One can not buy what already belongs to him.
But this is expressly admitted by the defendants, in admitting “that all the averments of the plaintiff’s petition are true, except the allegation of defendant’s liability.”
*414 The buildings and improvements on the lots being shown to belong to the defendant he must pay the taxes thereon. The case of Connell v. Orphan Asylum and Dr. Campbell, was a suit upon a paving contract. Such work is made a charge upon the proprietors of adjacent lands, by the city charter of 1856. It is, therefore, not in point; neither is the case of the State v. Campbell, 23 An. 445, as will appear from the opinion of the court. The court saM “this is a suit against defendant to recover the State taxes for 1809, on a lot of ground forming the corner of St. Charles and Julia streets. * * * The answer is, the defendant is not the owner of the lot of ground described in the petition ; that said lot belongs to • the Poydras Female Orphan Asylum, and is by law éxempt from taxation.”
There is no question here about taxing the lots of ground which belong to the asylum, but the question is about taxing the buildings and improvements-thereon, placed there under a contract which makes them the property of the lessee. We have no doubt about the right of the city to collect taxes on said property. Constitution, art. 118.
It is therefore ordered that the judgment of the District Court be affirmed with costs of appeal.